Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E : youssef@pricelawgroup.com
E : tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tisha Jamison*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TISHA JAMISON,<br><br>Plaintiff,<br><br>v.<br><br>FIRST PREMIER BANK,<br><br>Defendant. | Case No.: 2:20-cv-03747<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. CAL. CIV. CODE § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Tisha Jamison ("Plaintiff"), by and through her attorneys, alleges the following against Defendant First Premier Bank ("Defendant").

# INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy -Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

# JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

7. Plaintiff is a natural person residing in California.

8. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

9. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

10. At all relevant times herein, Defendant was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d). Defendant can be served at its headquarters located at 601 South Minnesota Avenue, Sioux Falls, South Dakota 57104.

11. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

12. Defendant is attempting to collect an alleged debt from Plaintiff.

13. In or around September 2019, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on her cellular phone number ending in 1847.

14. The calls placed by Defendant mostly originated from (866)-890-3387. Upon information and belief, this phone number is owned or operated by Defendant.

15. Defendant also placed phone calls to Plaintiff from a blocked phone number.

16. On or about September 17, 2019, at 2:10 p.m., Plaintiff received a call on her cell phone from a blocked number; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

17. During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

7. Plaintiff apologized because she could not make a payment, explaining that she had no money because she recently incurred medical bills from multiple surgeries and her household was down to only one income.

18. Further, Plaintiff requested for the phone calls to cease and that she should be contacted in writing only.

19. Despite expressly instructing Defendant to stop calling her and to only contact her in writing, Defendant continued its assault of harassing automated debt collection calls to Plaintiff's cell phone.

20. Again, on or about January 28, 2020, at 3:55 p.m., Plaintiff received a call on her cell phone from (866) 890-3387; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

21. During this conversation, Plaintiff spoke to a representative who indicated that First Premier Bank was attempting to collect a debt from Plaintiff.

22. Plaintiff again revoked consent to be contacted on her cellular phone.

23. Despite Plaintiff's second revocation of consent, Defendant continued to bombard Plaintiff's cell phone with automated debt collection calls.

24. Between September 1, 2019 and February 29, 2020, Defendant called Plaintiff on her cellular phone approximately two-hundred and fifty (250) times after Plaintiff requested for the calls to cease and to be contacted in writing only.

25. Defendant called Plaintiff almost every day, and on most occasions several times each day.

26. Defendant even called Plaintiff up to five (5) times in a single day.

27. Plaintiff would even receive calls while she was at Church, which caused her to suffer from embarrassment.

28. Defendant's conduct was done willfully and knowingly.

29. Defendants were aware that Plaintiff had requested to be contacted in writing only on multiple occasions, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone.

30. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the account.

31. Defendant also called using blocked numbers in an attempt to get Plaintiff to answer the phone.

32. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce her to pay the debt.

33. Further, the conduct was done with such frequency so as to harass Plaintiff.

34. Plaintiff's husband underwent knee surgery in June 2019 and is retired.

35. Plaintiff had hip replacement surgery in October 2019 and was not working.

36. The surgeries mentioned above placed a financial hardship on Plaintiff and her family.

37. In addition to the medical issues related to her hip, Plaintiff also suffers from Lupus, which is an inflammatory disease caused when the immune system attacks its own tissues.

38. There is no cure for Lupus and current treatment focuses on improving quality of life through controlling symptoms and minimizing flare-ups.

39. Plaintiff requested that Defendant stop calling on multiple occasions because the calls were causing her stress which induced flare-ups.

40. Defendant ignored Plaintiff's requests and continued to call, causing her to suffer from increased flare-ups resulting in joint pain, fatigue and other symptoms.

41. Plaintiff's doctor had indicated that after her hip replacement, she could back to work around January 27, 2020.

42. However, Defendant's conduct caused Plaintiff stress, which resulted in additional flare-ups causing Plaintiff to suffer physically and from emotional and mental pain and anguish which hindered her ability to recover properly.

43. As a result of the above, Plaintiff delayed her return to work until she felt she was in a better physical and mental state.

44. Plaintiff is under an immense amount of stress and Defendant's calls have only exacerbated her stress.

45. Defendants acted maliciously and subjected Plaintiff to oppression.

46. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, sleepless nights and fear.

## COUNT I
### (Violations of the TCPA, 47 U.S.C. § 227)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendants violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff

at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

49. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**(Violations of CAL. CIV. CODE § 1788 *et seq.*)**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    c. Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    d. Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the

provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

    ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging Plaintiff in telephone conversations repeatedly or continuously with intent to annoy, abuse or harass any person at the called number; and

    iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

52. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

53. Defendant was aware of Plaintiff's financial situation, that she requested for the calls to stop and that she requested all communications be in writing only, and yet, Defendant continued to call Plaintiff in an attempt to harass her to pay the debt.

54. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
**(Intrusion Upon Seclusion)**

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

57. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

  e. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite multiple requests for Defendant to stop calling her.

    f. The number and frequency of the telephone calls to Plaintiff by Defendant after multiple requests for the calls to stop constitute an intrusion on Plaintiff's privacy and solitude.

    g. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's daily schedule.

    h. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

58. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tisha Jamison, respectfully requests judgment be entered against Defendant First Premier Bank for the following:

    A. Statutory damages against Defendant pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    B. Declaratory judgment that Defendant violated the RFDCPA;

    C. Statutory damages against Defendant of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

    D. Actual damages against Defendant pursuant to Cal. Civ. Code §1788.30(a);

E.  Costs and reasonable attorneys' fees against Defendant pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F.  Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H.  Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 23rd day of April, 2020.

**PRICE LAW GROUP, APC**

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Tisha Jamison*